M. JARED FAVERO
Favero Law
2233 Park Towne Circle,
Sacramento, CA 95825
Telephone: (916) 709-1408
Attorney for Ernest Archie Comeslast

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>ERNEST ARCHIE COMESLAST,<br><br>             Defendant. | CASE NO.  2:18CR00154-MCE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING ADMIT/DENY HEARING; FINDINGS AND ORDER<br><br>DATE: December 3, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

## BACKGROUND

On November 5, 2020, Ernest Archie Comelast came before Magistrate Judge Carolyn K. Delany of the Eastern District of California on a revocation of Supervised Release, ECF 6.  The matter was subsequently set before this court for Admit/Deny Hearing. The parties are prepared to proceed with Admit/Deny on December 3, 2020.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

STIPULATION REGARDING HEARING                              1

1  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
2  functioning of the federal courts generally."
3        On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
4  required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
5  and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
6  in person without seriously jeopardizing public health and safety."  Accordingly, the findings of the
7  Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take
8  safely take place in person.
9        In order to authorize plea hearings by remote means, however, the CARES Act—as implemented
10 by General Order 620—also requires district courts in individual cases to "find, for specific reasons, that
11 felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests
12 of justice."  General Order 620 further requires that the defendant consent to remote proceedings.
13 Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not
14 reasonably available."  In such cases, district courts may conduct hearings by teleconference.
15        In addition, General Order 616 permits defense counsel to sign a plea electronically on the
16 defendant's behalf where the Court finds that obtaining an actual signature is impracticable or imprudent
17 in light of the public health situation relating to COVID-19.
18        The parties hereby stipulate and agree that each of the requirements of the CARES Act, General
19 Order 620, and General Order 616 have been satisfied in this case.  They request that the Court enter an
20 order making the specific findings required by the CARES Act and General Order 620.  Specifically, for
21 the reasons further set forth below, the parties agree that:
22        1)     Given the public health restrictions on physical contact and court closures existing in the
23 Eastern District of California, conducting an admit/deny hearing by videoteleconference is the only
24 option at this time;
25        2)     The defendant waives his physical presence at the hearing and consents to remote hearing
26 by videoconference and counsel joins in that waiver; and
27 ///
28 ///

STIPULATION REGARDING HEARING                    2

3) Obtaining an actual signature from the defendant is impracticable or imprudent in light of the public health situation relating to COVID-19 and the defendant has had an opportunity to consult with counsel and consents to defense counsel's signing of the plea agreement on defendant's behalf.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

///

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The defendant has an interest in resolving his case by admission and proceeding to sentencing. Were this Court to delay the admit/deny hearing until a time when the proceeding may be held in person, the defendant's interest in furthering his case toward sentencing would be thwarted. In addition, the government has an interest in timely resolution of this case. The admit/deny hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.

12. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

13. The defendant has consulted with his counsel regarding the admit/deny hearing and potential consequences. Obtaining an actual signature from the defendant, who is incarcerated at the Sacramento County Main Jail, would be both impracticable and imprudent in light of safety measures in place there to combat the COVID-19 public health pandemic. Pursuant to General Order 616, the

defendant consents to his defense counsel signing the waiver in-person appearance on his behalf using an electronic signature.

IT IS SO STIPULATED.

| Dated:  December 1, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ VINCENZA RABENN<br>VINCENZA RABENN<br>Assistant United States Attorney |
| Dated:  December 1, 2020 | /s/ M. JARED FAVERO<br>M. JARED FAVERO<br>Counsel for Defendant<br>ERNEST ARCHIE COMESLAST |

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

STIPULATION REGARDING HEARING

5

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice;

   b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

   c) Obtaining an actual signature from the defendant is impracticable or imprudent in light of the public health situation relating to COVID-19 and defense counsel may electronically sign on behalf of the defendant.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act, General Order 616, and General Order 620, the plea hearing in this case will be conducted by videoconference and defense counsel may electronically sign on behalf of the defendant.

IT IS SO ORDERED.

Dated: December 1, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE